Filed 12/16/25  P. v. Thomas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102452 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE022095) |
| v. | |
| REBECCA THOMAS, | |
| Defendant and Appellant. | |

In 2019, a jury found defendant Rebecca Thomas guilty of multiple crimes related to abuse of a child, including second degree murder.  Defendant appeals the trial court's order denying her petition for resentencing under Penal Code section 1172.6[1] at the prima facie stage.  Her appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and asked that we exercise our discretion to review the

---

[1]  Undesignated statutory references are to the Penal Code.

1

record for arguable issues on appeal. We notified defendant of her right to file supplemental briefing within 30 days, and she timely filed a brief raising numerous contentions, all of which relate to her underlying trial. We have independently reviewed the contentions in accordance with *Delgadillo* and conclude none are cognizable on this appeal from the denial of defendant's petition for resentencing. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2017, defendant and a codefendant were charged with murder (§ 187, subd. (a)), having care and custody of a child and assaulting that child with force likely to cause great bodily injury resulting in the child's death (§ 273ab), and permitting a child to suffer unjustifiable pain and mental suffering (§ 273a, subd. (a)). Defendant was charged with a second count of permitting a child to suffer unjustifiable pain and mental suffering. (§ 273a, subd. (a).) As to both section 273a counts, an enhancement for causing death was also alleged. (§ 12022.95.)

In May 2019, a jury found defendant guilty of second degree murder, assault with force likely to cause great bodily injury as a lesser included offense (§ 245), and both section 273a counts. The jury found the section 12022.95 enhancement true as to one of the section 273a counts.

In July 2019, the trial court sentenced defendant to prison for an aggregate term of 15 years to life plus six years consecutive. On appeal, this court ordered the trial court to issue a corrected abstract of judgment to reflect that certain fines and fees had not been imposed, and otherwise affirmed the judgment. (*People v. Thomas* (2021) 63 Cal.App.5th 612, 632.)

In January 2024, defendant filed a resentencing petition pursuant to section 1172.6. The prosecution filed briefs opposing resentencing, arguing defendant was ineligible for relief as a matter of law because she was convicted in 2019, after Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) went into effect. Also, with respect to the murder charge, the jury had not been instructed on felony murder, the

natural and probable consequences doctrine, or any other theory of imputed malice. The instruction was limited to the section 273ab assault resulting in death charge. The prosecution argued that because the jury had found defendant not guilty on that charge, the record established as a matter of law that the jury "did not apply the natural and probabl[e] consequence[] doctrine at all, much less to the second degree murder at issue here."

The trial court agreed and found that because the jury had not been instructed on the felony murder rule or the natural and probable consequences doctrine as applied to murder, defendant had been prosecuted under a still-valid theory and was ineligible for relief. Defendant timely appealed.

## DISCUSSION

Senate Bill No. 1437 narrowed the scope of the felony-murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) The Legislature did so "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1172.6, which allows those convicted of murder, attempted murder, or manslaughter under a now-invalid theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) If the trial court finds that a petitioning defendant has made a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d).) We independently review the denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

We evaluate the specific arguments presented but need not independently review the record. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)

3

In her supplemental brief, defendant argues the trial court erroneously admitted at trial certain evidence that lacked factual basis, was highly prejudicial, and constituted gender bias.  Citing *People v. Collins* (2025) 17 Cal.5th 293, she additionally appears to argue there was insufficient evidence to support her second degree murder conviction.

An appeal from a denial of a section 1172.6 petition is "not a direct appeal," and the statute "does not permit a petitioner to establish eligibility [for resentencing] on the basis of alleged trial error."  (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)  Thus, defendant's claims are not cognizable here on this direct appeal from the denial of defendant's section 1172.6 petition for resentencing, accordingly, the claims lack merit.

## DISPOSITION

The trial court's order denying the resentencing petition is affirmed.

/s/
Duarte, Acting P. J.

We concur:

/s/
Mesiwala, J.

/s/
Wiseman, J.*

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4